ORDER OF REMAND
This matter comes before the Fort Peck Court of Appeals on a Petition for Review, filed by Billie Jo Falcon, Appellant. Appearing as counsel for the Appellant is Terry L. Boyd. Appearing as counsel for Appellee, Darin Falcon, is Terrance L. Toavs; Thea Michaelsen appearing at oral argument on November 16, 2012.
Appellant’s issue on appeal was whether the Court’s final Decree of Dissolution of Marriage issued on August 10, 2012, Cause No. 12-3-1282, was arbitrary and capricious and an abuse of discretion.
The Appellant contends that the Court’s findings, conclusions and decree incorporated the Appellee’s proposed parenting plan and property settlement in a final order without articulation and factual basis for the order and setting aside prior findings opposed to those reflected in the final order. In essence, the Appellant contends that the order was not in the best interest of the children, based on standards and *324 case law as recited in Appellant’s Petition, brief and oral argument, particularly X C.C.O.J. § 304(b) “best interests” factors.
Appellee responds, inter alia, that the Court correctly applied the law to the facts, and was not required to make specific findings on the issues which were basically agreed upon in the case.
Appellee further argues that in the event this Court remands the case, it should be limited to requiring supplemental findings as deemed necessary, and not require a trial de novo.
We concur that a remand for the limited purposes of articulating specific findings of fact is in order here, particularly in regard to the best interest of the children as set forth in X C.C.O.J. § 304(b). While in remand status, the present order of the Court with regard to the matter should remain in effect.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT AS FOLLOWS:
1. The case is remanded to the trial court for such supplemental and specific findings as deemed necessary, particularly with regard to the best interests of the children standards of X C.C.O.J. § 304(b).
2. The Decree of Dissolution issued August 10, 2012 will remain in full force and effect while this case is in remand status, and until further order of the Court.